IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

TERRY BATTLE

Defendant.

Action No. 3:09–CR–156-02

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Terry Battle's Motion to Vacate under 28 U.S.C. § 2255 (Dock. No. 94). In May of 2009, Battle was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base and cocaine hydrochloride and two counts of distribution of cocaine hydrochloride (Dock. No. 1). Battle pleaded guilty to one count of distribution of cocaine hydrochloride on September 22, 2009 (Dock. No. 48). Under the plea agreement, Battle agreed not to appeal his conviction or how his sentence was determined and the Government agreed to dismiss the remaining counts of the indictment. At the sentencing hearing held on December 11, 2009, Battle asserted that he should not receive a two-point enhancement in his offense level for having a dangerous weapon during a drug transaction. The Government presented evidence on the issue, including the testimony of Special Agent Anthony Spotswood of the Bureau of Alcohol, Tobacco, Firearms & Explosives, who testified that two guns were seized from Battle's bedroom at his mother's house and that at least one confidential informant had observed Battle with a gun. Agent Spotswood also indicated that two guns, a hydraulic press, and a book entitled "How To Be a Drug Dealer" were seized from another residence

1

that was used by all the members of an alleged conspiracy that included Battle, Natasha Payne, and Christopher Woolridge. After hearing this evidence and Battle's counsel's arguments, the Court overruled the objection and set Battle's offense level at 29 and his criminal history category at III, yielding a guideline range of 108-132 months. The Court then sentenced Battle to 108 months' imprisonment.

Battle has now filed this motion under 28 U.S.C. § 2255, asserting that he was denied a right to confront the confidential informants in violation of the Fifth and Sixth Amendment and that the evidence was insufficient to support the gun enhancement. As explained below, each one of these arguments lacks merit.

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); United States v. King, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999).

First, Battle says his Sixth Amendment right to confront and cross-examine the witnesses against him was violated when the Court permitted the Government agent to testify as to what various confidential informants had told the agent about Battle's drug activty. In Crawford v. Washington, the Supreme Court held that the Confrontation Clause prohibits the admission at trial of testimonial statements that are not subject to

cross-examination. 541 U.S. 36, 50-51 (2004). However, the right secured by Crawford is a trial right and does not apply at sentencing. United States v. Arias, 321 F. App'x 316, 317-18 (4th Cir. 2009); see also United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007) (determining Crawford did not alter general rule that hearsay evidence admitted at sentencing does not violate defendant's confrontation rights and collecting cases adopting rule).

Furthermore, reliance on hearsay evidence at sentencing is specifically authorized. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; see also U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.4 (2009). Moreover, the traditional rules of evidence are not applicable to sentencing proceedings. See Fed. R. Evid. 1101(d)(3). Thus, a court may consider any related and reliable evidence before it, including hearsay, in establishing relevant conduct. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991). Here, the Court heard the Government's testimony and the parties' arguments and found that the testimony was reliable. Battle presents no new evidence to alter that result.

Second, Battle asserts that his right to due process was violated because he was not given prior notice that the Government planned to seek the gun enhancement. Battle is mistaken. The Presentence Report written by the U.S. Probation Office and submitted to the Government, Battle, and the Court included the two-point gun enhancement. Battle's attorney filed an objection to the enhancement (Dock. No. 63) ten days before the

sentencing hearing. In open court, Battle affirmed that he had an adequate opportunity to receive, review, and discuss the Report with his attorney. No due process violation occurred.

Lastly, Battle claims the Government failed to present sufficient evidence to warrant the gun enhancement. He never raised this argument on direct appeal and may not do so here. As part of his plea agreement, Battle knowingly waived his right to appeal how his sentence was determined; he cannot use § 2255 as a vehicle through which to evade the consequences of the appeal waiver. To avoid this procedural bar, Battle must show both cause excusing the failure to raise such claims previously and actual prejudice resulting therefrom. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). The Fourth Circuit, however, has held that waiving the right to appeal does not constitute sufficient "cause" to overcome the procedural bar. United States v. Jones, No. 94-6209, 56 F.3d 62 (Table), 1995 WL 321263, at *1 (4th Cir. May 30, 1995) ("Although Jones's plea agreement prevented him from appealing, this is not sufficient cause for his procedural default.")

Nevertheless, even if a defendant waives his right to appeal, he may still seek collateral review of an issue he waived if the court determines that the sentence imposed would result in a "complete miscarriage of justice." See id. In order for Battle, at the time of sentencing, to have proven that the firearm enhancement was improper, he would have had to show that "it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. 3.; see also United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). He could not make that showing then nor can he now point to any "exceptional circumstances" that would render his sentence a complete miscarriage of justice. See

Jones, 1995 WL 321263, at *1. Battle received a sentence of 108 months, which was within the range that could have been imposed had the Court not added the two-point enhancement, see id., and was certainly within the 20 year statutory maximum. See 21 U.S.C. § 841(b)(1)(C). His argument simply does not approach a "complete miscarriage of justice." Accordingly, each of Battle's arguments lacks merit and the Motion is DENIED. Based on that conclusion, the Court will not require the clerk to notify the Government of Battle's Motion or hold a hearing on the matter. See 28 U.S.C. § 2255(b).

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). Id. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated more fully above, no law or evidence suggests that Battle is entitled to further consideration in this matter. A COA is therefore DENIED.

Let the Clerk send a copy of this memorandum to all counsel of record and the Defendant. An appropriate order will issue.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this _27th_ day of April 2010